

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VS. | DOCKET NO. CA-B-01-189 |
| JOSE ANTONIO SALDIVAR-GONZALEZ | CR-B-99-417 |
| Movant | |

### PETITIONER'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Jose Antonio Saldivar-Gonzalez, the movant herein, acting pro-se and submits this his Response to Government's Motion to Dismiss and would show this Honorable Court as follows:

With all due respect movant would invoke the United States Supreme Court decision on Hynes vs. Kerner 404 - U.S. - 519. Wherein the Court held that allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by lawyers. Nonetheless movant thought it would be appropriate to invoke this Supreme Court ruling in order to assist this Honorable Court while on the proceedings of this Motion.



## ISSUE IN GENERAL

Movant filed his 28. 2255 based on the new amendment to the U.S.S.G. 2L1.2 regarding the prior aggravated felony conviction used to enhanced his sentence. The Government wrongfully response with another issue, and submitted in his 2255.

Petitioner filed his original Motion stating that the new amendment enacted on November first, 2001, particularly and significantly amendment 632 is not listed under 1B1.10 as retroactively applicable to any case prior to its effective date.

On Movant's original Motion is clearly shown that amendment 632 is a interpretation for all Federal Courts concerning the application of aggravated felony under 2L1.2 the U.S.S.G. The United States Court of Appeals for the Eighth Circuit has already stated in United States vs. Mihn, 134 F. 3d 1350 (8th Cir.) When a defendant is eligible for sentence reduction based on subsequent amendments reducing sentencing guidelines sentencing range, district court must consider all relevant statutory sentencing factors.

The Ninth Circuit Court of Appeals has stated that when an amendment is a "Clarification" rather than alteration of existing law then it should be used in interpreting the provision in question retroactively. See United States vs. Sanders 67 F3d. 855(Ninth Cir.) See also United States VS. Quiin 18 F 3d. 1461 9th Cir. In United States VS. Carrillo, 991 F 2d. 590, 9th Cir. This accords with the sentencing guidelines which provide " The guideline manual in effect of a particular date shall be applied in its entirely ... However if the court applies an earlier edition of the guideline manual the court shall consider subsequent amendments to the extent that such amendments are "Clarifying " rather than substantive changes.

The Amendment in this particular case is a "Clarifying" rather than a substantive amendment, the commentary to the amendment is to "Clarified" see the Commentary Application Note 16 which provides in Part:
Reasons for amendment 632 is to "Render moot a Circuit Conflict
See United States VS. Maginta 202 F. 3d. 1304 [11th Cir.2000] Since the applicable sentencing guideline has been amendment to "Clarified" the issue after the district court imposed sentence the district court is directed to follow the amendment application note. When an amendment is a "Clarification" it is generally applied retroactively. See United States vs. Donaghe 50 F. 3d 608 [9th Cir 1995], as mention herein this movant's case the commentary to the amendment clearly states that the purpose of amendment 632 is to "render moot a circuit conflict" over the proper application of aggravated felony and/or the 16 level of 2L1.2 of the U.S.S.G

An Amendment that resolves a circuit conflicts generally "Clarifies" and does not modify existing law.  In Re Adams 751 F 2d. 1427, [9th Cir] the amendment in this particular case clearly was meant to "clarified" the existing sentencing guidelines provision 2 L1.2

In the case of retroactively applied amendment to the sentencing guidelines a court considering a defendant's motion must consider the sentence it would impose had the amendment been in effect at the time the defendant was sentence. See United States VS. Miller 188, F 3d. 186 [5thCir. 1999] Because amendment 632 is a "Clarification" for the application of aggravated felony and does not modify existent law it to be use retroactively as stated by the Honorable Court of Appeals for the Fifth Circuit.

## CONCLUSION

For the foregoing reasons movant PRAYS that this Honorable Court would GRANT the relief herein requested and/or for this Honorable Court to GRANT any other relief he which may deem just and proper.

SIGNED 19, , ON THIS MONTH OF March OF THIS YEAR 2002.

RESPECTFULLY SUBMITTED

Jose Antonio Saldivar Gonzalez

JOSE ANTONIO SALDIVAR-GONZALEZ
FED. REG. # 81137-079
FEDERAL CORRECTIONAL CENTER
INTAKE UNIT
1901 WEST I-20
BIG SPRING, TEXAS 79720