

United States District Court
Southern District of Texas
ENTERED

JUL 1 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE ANTONIO SALDIVAR-GONZALEZ,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. B-01-189<br>CRIMINAL NO. B-99-417 |

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Jose Antonio Saldivar-Gonzalez has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On October 26, 1999, Petitioner Jose Antonio Saldivar-Gonzalez was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re-entry in violation of Title 8 U.S.C. §§ 1326(a) & (b). Saldivar-Gonzalez pleaded guilty to the indictment on December 1, 1999, before United States Magistrate Judge Felix Recio. Petitioner had entered into a plea agreement in which the government agreed to recommend that Saldivar-Gonzalez receive acceptance of responsibility and a sentence at the low end of the Guideline level at which the probation department ultimately scored him. The statutory maximum for a violation of §§ 1326(a) & (b) is twenty years imprisonment.

The probation department scored the instant offense at base offense level eight, with a sixteen-level increase by virtue of his prior aggravated felony convictions and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under

U.S.S.G. § 3E1.1. Therefore, the probation department came up with a total offense level score of twenty-one. Saldivar-Gonzalez's past criminal encounters placed him in Criminal History Category VI. The probation officer found no factors existed to warrant a downward departure. Petitioner did not object to the findings in the PSR.

On March 1, 2000, at sentencing, the district court adopted the PSR as written, and sentenced Saldivar-Gonzalez to the bottom of the Guideline level he scored. Petitioner received seventy-seven months imprisonment, to be followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered March 8, 2000.

On March 23, 2000, Petitioner filed a Notice of Appeal. Saldivar-Gonzalez was represented by the same counsel on appeal. On December 14, 2000, Saldivar-Gonzalez's appeal was denied.[1] On January 5, 2001, the Fifth Circuit issued the mandate. On May 8, 2001, Saldivar-Gonzalez's petition for writ of certiorari with the Supreme Court of the United States was denied, and on November 13, 2001, he brought the instant petition.

## ALLEGATIONS

Petitioner alleges that a relatively new amendment to the United States Sentencing Guidelines is in fact a "clarification" and thus should apply to him retroactively. Therefore, Petitioner argues, he should be eligible for a downward departure. Additionally, Petitioner alleges ineffective assistance of counsel stemming from his counsel's alleged failure to move for a downward departure.

## ANALYSIS

---

[1] *See United States v. Saldivar-Gonzalez*, No. 00-40305 (5th Cir. 2000).

2

Due to the fact that Saldivar-Gonzalez filed an appeal with the Fifth Circuit Court of Appeals on January 13, 2000, and did not raise the issues he now raises in his federal writ, he must now first show cause that would excuse his failure to raise these claims on direct appeal and actual prejudice from the errors now alleged.

The "cause" standard requires the Petitioner to show that "some objective factor external to the defense" prevented him from raising on direct appeal the claims he now advances.[2] "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to the Petitioner at the prior occasion; and (3) ineffective assistance of counsel in the constitution sense."[3]

The "prejudice" prong of the cause and prejudice test typically is analyzed by looking at some combination of actual innocence, plain error, and non-harmless constitutional error. In *Strickler v. Greene*,[4] the Supreme Court stated that in resolving the issue of prejudice, "[Petitioner] must convince us that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense." Put another way, the question is whether the errors complained of could reasonably be taken to put the whole case in a different light as to undermine the confidence of the plea and the sentence in this case.

---

[2] *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (*quoting Romero v. Collins*, 961 F.3d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645).

[3] *Id.*

[4] *Strickler v. Greene*, 527 U.S. 263, at 289 (1999).

Saldivar-Gonzalez proffers no "cause" but does allege ineffective assistance of counsel. Ineffective assistance of counsel, if demonstrated, may satisfy the "cause" prong of Petitioner's burden. The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[5]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[6] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[7] The courts are extremely deferential in scrutinizing the

---

[5] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[6] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

[7] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[8] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[9] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[10] Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which

---

535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

[8] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, *citing Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[9] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[10] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

could be classified as non-frivolous.[11] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[12] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[13]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[14] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[15] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[16] In order to

---

[11] *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[12] *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[13] *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); and *Jones v. Jones*, 163 F.3d at 303.

[14] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

[15] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[16] *Id.*

establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[17] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[18]

The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[19] To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial.[20]

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[21] Therefore, a failure to establish that counsel's performance fell below

---

[17] *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[18] *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[19] *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[20] *See Hill v. Lockhart*, 474 U.S. at 58-59; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[21] *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on <u>both</u> prongs of the *Strickland* test).

an objective standard of reasonableness avoids the need to consider the issue of prejudice.[22] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[23] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[24]

In the context of sentencing errors, the Petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires Saldivar-Gonzalez to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."[25]

Saldivar-Gonzalez apparently attempts to overcome his failure to raise the current claims on direct appeal by asserting ineffective assistance of counsel. He claims that Amendment 632 to the Sentencing Guidelines is actually a "clarification," and as such he is entitled to a lesser

---

[22] *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

[23] *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); and *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

[24] *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991); *United States v. Woods*, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

[25] *See Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

sentence. However, *the new amendments to the United States Sentencing Guidelines are just that – amendments.* They have never been considered by any court to be "clarifications" as proposed by the Petitioner. Additionally, the new amendments were made after Petitioner had pleaded guilty in his case, so there is no way his counsel could have been ineffective for failing to argue their relevance to Saldivar-Gonzalez's case. Therefore, Petitioner's claims are frivolous and his application for relief under 28 U.S.C. § 2255 should be denied.

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[26]

DONE at Brownsville, Texas, this 9th day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[26] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).